CAUSE NO. 38066

| | | |
|---|---|---|
| A&T YARD SERVICE, INC. | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| VS. | § | 223rd JUDICIAL DISTRICT |
| | § | |
| STATE AUTOMOBILE MUTUAL | § | |
| INSURANCE COMPANY AND | § | |
| SHERRI KING | § | |
|     Defendants. | § | GRAY COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, A&T YARD SERVICE, INC., and files this Original Petition against Defendant STATE AUTOMOBILE MUTUAL INSURANCE COMPANY ("Insurance Defendant") and SHERRI KING ("Adjuster" or "King") for causes of action would respectfully show the Court the following:

#### I. DISCOVERY LEVEL

Pursuant to rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

#### II. VENUE

Venue is appropriate in Gray County, Texas because all or part of the conduct giving rise to the causes of action were committed in Gray County, Texas, and the Plaintiff property which is the subject of this suit is located in Gray County, Texas.

#### III. PARTIES

Plaintiff's principal place of business is in Gray County, Texas.



Defendant State Automobile Mutual Insurance Company is in the business of insurance in the State of Texas. The insurance business done by State Automobile Mutual Insurance Company in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

Defendant, State Automobile Mutual Insurance Company, may be cited with process by Certified Mail Return Receipt Requested in c/o Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

Defendant, Sherri King, is an Adjuster and he may be served with process by Certified Mail Return Receipt Requested at McGriff, Seibels & Williams of Texas, Inc., 5080 Spectrum Drive, Suite 900E, Addison, Texas. The Adjuster engages in the business of insurance in Texas.

### IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance case stemming from extensive damage to Plaintiff's business. Plaintiff seeks damages for negligence, breach of contract, violations of the Texas Insurance Code, violations of the Deceptive Trade Practices Act, and common law bad faith. Plaintiff also seeks attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

2

## V. BACKGROUND FACTS

Plaintiff owns a business building located at 1305 South Hobart, Pampa, Texas 79065. The business is covered by a policy, PBP2634786 of insurance which the Insurance Defendant sold to Plaintiff (the "Policy"). The Policy covered the Plaintiff's business building against loss by hail, wind and water damage, among other perils.

As a consequence of a storm, the Plaintiff's business building sustained extensive damage.

Plaintiff has performed all conditions precedent to its recovery under the Policy. Plaintiff gave timely notice to the carrier.

The carrier assigned the claim to King, among others, to investigate, report on and adjust the loss.

Plaintiff provided information to the Adjuster and opportunities for the Adjuster to inspect the business building.

The Insurance Defendant and Adjuster have failed and refused to pay Plaintiff in accordance with its promises under the Policy.

Plaintiff has suffered property damage which has not been paid, even though the amounts are well-established and have been provided to the Insurance defendant and the Adjuster.

The Insurance Defendant has failed to make an attempt to settle Plaintiff's claim in a fair manner, although its liability to the Plaintiff under the Policy is without dispute. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(2)(A).

The Insurance Defendant and the Adjuster have failed to explain the reasons for its offer of an inadequate compensation. The Insurance Defendant and the Adjuster have failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made.

3

The Insurance Defendant and Adjuster did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the Policy. This conduct violates Tex. Ins. Code Sec. 541.060(a)(3).

The Insurance Defendant and the Adjuster have failed to affirm or deny coverage within a reasonable time. Plaintiff did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from the Insurance Defendant or the Adjuster in a timely manner. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(4).

The Insurance Defendant refused to fully compensate Plaintiff under the terms of the Policy even though the Insurance Defendant failed to conduct a reasonable investigation. The Insurance Defendant and the Adjuster performed a result-oriented investigation of Plaintiff's claim which resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(7).

The Insurance Defendant and the Adjuster failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.055.

The Insurance Defendant and the Adjuster failed to accept or deny Plaintiff's full and entire claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.056.

The Insurance Defendant and the Adjuster forced Plaintiff to file this suit by offering substantially less than the amount of covered damages. This conduct violates Texas Insurance Code § 542.003(b)(5) and 28 TAC § 21.203(5).

4

The Insurance Defendant failed to meet its obligation under the Texas Insurance Code regarding payment of the claim without delay. This conduct is a violation of Tex. Ins. Code Sec. 542.058.

### VI. CLAIMS AGAINST STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

**Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provides coverage for the cost to repair the damaged property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against the Insurance Defendant.

**Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of the Insurance Defendant and its agents constitute a breach and/or anticipatory breach of the Insurance Defendant's contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of contract against the Insurance Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seek all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, the Insurance Defendant was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the Insurance Defendant and its agents constitute one or more violations of the Texas Insurance Code. More specifically, the Insurance Defendant has, among other violations, violated the following provisions of the Code:

1. Insurance Code chapter 542, the Prompt Payment Act.

2. Insurance Code § 542.003(b)(5) and 28 TAC § 21.203(5).

3. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle his claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiff's claim without conducting a reasonable investigation.

Where statements were made by the Insurance Defendant, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. The Insurance Defendant has also violated the Prompt Payment Act, and Plaintiff seeks 18% damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

<u>Violations of the Texas Deceptive Trade Practices Act.</u>   Plaintiff re-alleges the foregoing paragraphs. At all times pertinent, Plaintiff were a "consumer" as defined in Section

6

17.45(4) of the Texas Business and Commerce Code, the Texas Deceptive Trade Practice Act ("DTPA").

The Insurance Defendant and its agents violated provisions of the DTPA, including the following:

- violations of Texas Insurance Code as set forth above;
- representing that the Policy had benefits which it did not have;
- representing that the Policy conferred or involved rights and remedies that it did not have;
- promulgating and selling a Policy which is essentially worthless, provides little or no coverage, and is illusory;
- misrepresenting the terms of an agreement;
- representing that the Policy had characteristics, standards, or coverage which it did not have;
- failing to disclose information that was known at the time of the purchase of the Policy because it was intended to induce Plaintiff into purchasing the Policy; and/or
- engaging in an unconscionable act or course of action.

The deceptive acts and practices as alleged herein were committed in connection with Plaintiff's purchase of and claim under the Policy. Plaintiff relied on the false, misleading and deceptive acts and practices as above alleged to its detriment, and the conduct described above was the producing cause of injury and damage to Plaintiff. As a result of the foregoing conduct, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages.

One or more of the foregoing acts or omissions were "knowingly" made. Accordingly, Plaintiff will seek treble damages pursuant to DTPA Section 17.50(b)(1).

7

"Common Law Bad Faith." Plaintiff re-alleges the foregoing paragraphs. The Insurance Defendant has refused to pay or delayed in paying a claim after liability has become reasonably clear. The Insurance Defendant has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing' i.e., it is acting in "bad faith."

Moreover, the Insurance Defendant has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiff is entitled to extra-contractual damages, including exemplary damages. Plaintiff has sustained serious damage to his property as a result of the Insurance Defendant's refusal to honor the Policy. The Insurance Defendant is well aware that its actions involve an extreme risk that Plaintiff will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent to Plaintiff's rights. Plaintiff is entitled to recover its actual damages, consequential damages, punitive damages, and pre- and post-judgment interest.

## VII. CLAIMS AGAINST THE ADJUSTER

Violations of the Texas Insurance Code. Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, the Adjuster, King, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of King and their agents constitute one or more violations of the Texas Insurance Code. More specifically, King has, among other violations, violated the following provisions of the Code:

1. Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).
2. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

8

806   COUNTY OF GRAY                                     05:01:54 p.m.   04-08-2015   13 /33

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle its claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiff's claim without conducting a reasonable investigation.

The foregoing paragraphs are incorporated herein. The Insurance Defendant assigned the loss and the claim to King who was at all pertinent times the agent of the Insurance Defendant, through both actual and apparent authority. The acts, representations and omissions of the Adjuster are attributed to the Insurance Defendant.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, King failed and refused to adjust the claim properly. King failed to inspect the property and the damages, failed to request information, failed to fully investigate the claim, failed to respond to requests for information from Plaintiff, failed to timely evaluate the claim, failed to timely estimate the claim, and, failed to timely and properly report to the Insurance Defendant and make recommendations to the Insurance Defendant.

Plaintiff provided information regarding the loss and the claim to King. Plaintiff allowed King full and complete access to the home. Plaintiff provided sufficient information to King to adjust and evaluate the loss. Plaintiff made inquiries regarding the status of the loss and payment.

9

King failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result, to this date, Plaintiff has not received full payment for the claim.

King's actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Insured.

Where statements were made by King, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

Upon information and belief, State Automobile Mutual Insurance Company relied solely on King's estimate and recommendation in making payment on Plaintiff's claim. Thus, King was responsible for scoping, adjusting, and estimating the claim. King's failure to properly scope and estimate the loss directly led to the underpayment of Plaintiff's claim. As a result of King's conduct, the Insurance Defendant significantly underpaid the claim. King's estimate failed to address all of the damage caused by the storm.

**Attorney's fees.** Plaintiff re-alleges the foregoing paragraphs. Plaintiff has been required to engage the services of the undersigned attorneys and have agreed to pay its attorneys a reasonable fee for services expended and to be expended in the prosecution of its claims against the Insurance Defendant through the trial court and all levels of the appellate process. Plaintiff seeks the recovery of all of its attorney's fees and expenses.

With respect to all causes of action asserted herein, Plaintiff seeks the recovery of prejudgment and post-judgment interest.

## VIII. CONDITIONS PRECEDENT

All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

## IX. JURY DEMAND

Plaintiff request that a jury be convened to try the factual issues in this action.

## X. REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff request that Defendants provide the information required in a Request for Disclosure.

## XI. REQUEST FOR PRODUCTION TO ALLSTATE FIRE & CASUALTY INSURANCE COMPANY

Produce State Automobile Mutual Insurance Company complete claim file for Plaintiff's business building relating to or arising out of any damage which occurred.

Produce all emails, notes, and other forms of communication between State Automobile Mutual Insurance Company, its agents, Adjusters, employees, or representatives and Sherri King, and/or their agents, Adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's business building which is the subject of this suit.

## XII. REQUEST FOR PRODUCTION TO SHERRI KING

Produce King's complete claim or adjusting file for Plaintiff's business building relating to or arising out of any damage which occurred.

Produce all emails, notes, and other forms of communication between State Automobile Mutual Insurance Company, its agents, Adjusters, employees, or representatives and Sherri King, and/or their agents, Adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's home which is the subject of this suit.

## XIII. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

11

A. The Court's declaration that the Policy provides coverage for the damage to the home, less only a deductible;

B. Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C. Damages against the Insurance Defendant for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D. Penalty in the amount of 18% damages for violations of the Prompt Payment Act;

E. Damages against the Insurance Defendant and Adjuster, jointly and severally, for other violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

F. Damages against the Insurance Defendant and Adjuster, jointly and severally, for violations of the Texas Deceptive Trade Practices Act, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

G. Damages against the Insurance Defendant and the Adjuster, jointly and severally, for breach of the duty of good faith and fair dealing, including actual damages, consequential damages, punitive damages and pre- and post-judgment interest; and

H. Plaintiff also seeks all other financial relief and rulings to which they may be legally or equitably entitled.

Respectfully submitted,

*/s/ Matthew R. Pearson*

---

MARC E. GRAVELY
State Bar No. 00787582
MATTHEW R. PEARSON
State Bar No. 00788173
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile:  (210) 472-1110

And

C. JAKE POSEY
State Bar No. 24041710
The Posey Law Firm, P.C.
919 Congress, Suite 1010
Austin, Texas 78701
(512) 646-0828
Fax (866) 902-7153
jake@cposeylaw.com

ATTORNEYS FOR PLAINTIFF

13